NUMBER 13-07-528-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________ 


CAROLYN KINNISON, Appellant,


v.



THE STATE OF TEXAS, Appellee. 

___________________________________________________________


On appeal from the 377th District Court 


of Victoria County, Texas.


___________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion Per Curiam


 Appellant, Carolyn Kinnison, was convicted of credit card abuse on August 23,
2007. The Victoria County District Clerk mistakenly treated the "Defendant's New Trial,
Writ, [and] Appeal Rights" as a notice of appeal and forwarded the same to this Court. 
This document, signed by appellant, states that appellant does not desire to appeal her
conviction.

 Upon receipt and review of this document, the Clerk of this Court notified appellant
that it appeared appellant did not desire to appeal the above cause. In response,
appellant's counsel has confirmed that appellant is not appealing her conviction. 

 To perfect an appeal, the defendant must file a timely notice of appeal. See Tex.
R. App. P. 25.2(b). In this case, no notice of appeal was filed. Our appellate jurisdiction
in a criminal case is invoked by a timely filed notice of appeal. Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals
does not have jurisdiction to address the merits of the appeal in a criminal case, and can
take no action other than to dismiss the appeal for want of jurisdiction. Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time
appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of
Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this
Court. See Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex
parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 28th day of February, 2008.